UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21117-CIV-GOODMAN

[CONSENT CASE]

LJUPCO KOSTOSKI,

    Plaintiff,

v.

STEINER TRANSOCEAN, LTD.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS COUNTERCLAIM

This cause is before the Court on Plaintiff's motion to dismiss Defendant's counterclaim under Federal Rule of Civil Procedure 12(b)(6), filed December 5, 2011 (DE 33). The Court has reviewed the motion and associated briefing, the pertinent portions of the record and the law. For the reasons set forth below, the motion to dismiss is **denied**. The Plaintiff shall answer the counterclaim within 14 days.

This is an action in admiralty arising under the Jones Act and the general maritime law of the United States. The Plaintiff filed a three-count complaint for negligence, failure to provide maintenance and cure, and failure to treat. The Defendant's sole counterclaim, which is the subject of this motion, relates to Plaintiff's maintenance and cure claim.[1]

---

[1] The Plaintiff has also filed a motion to amend his complaint to include class allegations, extend the deadline to move for class certification and correct a scrivener's

1

"Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). Under this doctrine,

> A seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer, and is designed to ensure the recovery of these individuals upon injury or sickness sustained in the service of the ship. Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship. Maintenance is a per diem living allowance, paid so long as the seaman is outside the hospital and has not reached the point of "maximum cure." Cure involves the payment of therapeutic, medical, and hospital expenses not otherwise furnished to the seaman, again, until the point of "maximum cure."

*Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 375 n.3 (5th Cir. 1981) (quoting *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979)).

The Plaintiff claims that the Defendant paid him $12.00 per day in maintenance, which is $360.00 or $372.00 per month, but that his actual expenses for food and shelter were $1,924.00 per month, which is approximately $64.00 per day. The counterclaim seeks to recoup the maintenance payments under a theory of unjust enrichment based on the holding of *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968). *McCorpen* held that where a shipowner requires a seaman to submit to a pre-hiring medical examination or interview, the seaman intentionally misrepresents or conceals material medical facts about a preexisting disability, and there is a causal link between

---

error in the case caption. That motion is pending and is fully briefed. In the interests of efficiency and judicial economy, the Court elected to decide this motion first. However, the motion to correct the scrivener's error is **granted** and the clerk is directed to amend the case caption as shown above.

the preexisting disability and the disability incurred on the voyage, then the shipowner is not liable for maintenance and cure. *Id.* at 549.

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint (or counterclaim) will not be dismissed when it contains sufficient factual material to infer that the defendant is liable. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Plaintiff first argues that the counterclaim should be dismissed because it cites only the bare elements of a cause of action without factual support. This is clearly incorrect. The counterclaim states the date on which the plaintiff submitted to a physical examination and was declared fit for duty, alleges that the plaintiff did not disclose any preexisting injuries during the examination, and further asserts that through discovery the defendant has learned that the plaintiff was previously treated for right leg pain. The counterclaim further alleges that the defendant has paid the plaintiff maintenance and cure for a right leg injury and that the preexisting injury is directly related to the "new" injury. The counterclaim also specifically cites to *McCorpen*. This is enough factual material to infer each element of a *McCorpen* claim and to put the plaintiff on notice of the same.

Second, the Plaintiff argues that the Defendant has not pled its *McCorpen* claim with particularity, as required by Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides a heightened pleading standard when fraud or mistake is an element of a claim. Rule 9(b) requires that a party allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).  The Defendant does not dispute the applicability of Rule 9(b) but argues that the counterclaim meets the heightened pleading standard because it states (1) that the plaintiff failed to disclose a preexisting right leg injury, (2) on the date of his physical examination, (3) that the Defendant was misled by this omission, falsely believing that the Plaintiff was fit for duty, and (4) that the Plaintiff received maintenance and cure payments that he otherwise would not have been entitled to as a result of his concealment.  These allegations satisfy the requirements of Rule 9(b).

Third, the Plaintiff contends that the Defendant has not alleged that the Plaintiff *knowingly* withheld the information about his right leg.  The Plaintiff is correct that the counterclaim does not contain a specific allegation regarding knowledge (although it can be inferred from the other allegations).  Rule 9(b), however, provides that conditions of a person's state of mind can be generally alleged.  The fact that the Defendant specifically cited to *McCorpen* in its counterclaim is sufficient to put the Plaintiff on notice of this

claim.  Because the counterclaim satisfies Rule 9(b)'s particularity requirement and contains sufficient factual material to suggest that the Plaintiff knowingly concealed his condition under *McCorpen*, it would be inefficient and time consuming to require the Defendant to submit an amended counterclaim that specifically alleges that the Plaintiff *knowingly* withheld the relevant information.  *See* Fed. R. Civ. P. 1 (rules must be construed to do justice and secure speedy and inexpensive determination of every action and proceeding); *cf. Balaschak v. Royal Caribbean Cruises, Ltd.*, 09-21196, 2009 U.S. Dist. LEXIS 126949 at *18 (S.D. Fla. Sept. 14, 2009) (when facts in complaint otherwise gave rise to a cause for negligence, the court, citing efficiency reasons, declined to dismiss the complaint where it alleged the wrong standard of care).  An individual's state of mind cannot in any event be determined on a motion to dismiss.

Finally, the Plaintiff argues that the Defendant cannot *prove* a causal link between the preexisting injury and the injury giving rise to the maintenance and cure claim.  The Plaintiff asks the Court to consider documents outside of the pleadings under the rule that a document attached to a motion to dismiss may be considered if it is (1) central to the plaintiff's claim and (2) its authenticity is not disputed.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2011).  The Defendant correctly responds that regardless of whether these documents should be considered, the Plaintiff has attached them for an improper purpose -- not to show that the counterclaim does not state a cause of action -- but to show that the Defendant cannot *prove* its counterclaim.  The Plaintiff replies that if the Court is not inclined to consider these materials, then it should convert this motion into a motion for summary judgment under Rule 12(d).  However, because the Plaintiff only raised the specter of treating this as a summary judgment motion in its *reply* brief,

the Defendant has not yet had "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court finds that this issue should properly be decided only after a full summary judgment briefing in compliance with the Local Rules. *See* Local Rule, S.D. Fla. 56.1. Accordingly, if the Plaintiff wishes to further contest this issue, then he shall file a motion for summary judgment on or before the deadline for filing dispositive motions.

**DONE and ORDERED** in Chambers, in Miami, Florida, January 11, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record